1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10    GENERAL EMPLOYEES TRUST FUND             No. C 06-00884 WHA
      AND BOARD OF TRUSTEES OF GENERAL
11    EMPLOYEES TRUST FUND,

12              Petitioners,                    **ORDER GRANTING MOTION
                                                FOR DEFAULT JUDGMENT**
13    v.

14    BT & D ENVIRONMENTAL FACILITIES
      SERVICES, INC.,
15
                Respondent.
16    _____/

17

18                                  **INTRODUCTION**

19           In this action seeking confirmation of an arbitration award, petitioners General

20    Employees Trust Fund and the Board of Trustees of General Employees Trust Fund move for

21    entry of default judgment against respondent BT & D Environmental Facilities Services, Inc.,

22    which never appeared in this action.  The arbitration award was entered because respondent

23    allegedly failed to pay benefits due under a collective-bargaining agreement.  Review of the

24    *Eitel* factors favors entry of default judgment.  Petitioners' application is **GRANTED**.

25    **RESPONDENT IS ORDERED TO PAY $152,288.88 TO PETITIONERS**.

26                                   **STATEMENT**

27           On February 9, 2006, petitioners filed this action seeking an order confirming an

28    arbitration award.  The award was in the amount of $137,914.28, plus the cost of arbitration,

      including the arbitrator's fees and expenses, and daily interest at the IRS penalty rate until the

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   award was paid (Pet. to Confirm Arbitration Award at 7 and Exh. 2 (Arbitrator's Decision and

2   Award).  The summons and petition were served on respondent's agent for service of process

3   on February 27.   Receipt was confirmed by that agent on February 28.  Respondent did not

4   answer or file a responsive motion.  Respondent, a suspended corporation, is not an infant or

5   incompetent and is not in military service.  Respondent also did not respond to the instant

6   motion.  On April 10, 2006, the Clerk of the Court entered default against respondent (Br. 2–3).

### ANALYSIS

8        A party can apply to the court for entry of judgment by default.  FRCP 55(b)(2).

9   Whether to grant a motion for default judgment is within the court's discretion.  In the Ninth

10   Circuit, a court must consider the following factors in exercising this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action, (5) the possibility of a
> dispute concerning the material facts, (6) whether the default was
> due to excusable neglect, and (7) the strong policy underlying the
> Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  For the reasons that follow, these

factors favor entry of default judgment in this case.

### 1.   MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.

     After entry of default, the well-pleaded allegations in the complaint regarding liability

are taken as true, except as to the amount of damages.  *Fair Hous. of Marin v. Combs*, 285 F.3d

899, 906 (9th Cir. 2002).  The merits of petitioners' substantive claims and the sufficiency of

the complaint are thus considered in tandem.  This order finds that these *Eitel* factors weigh in

favor

of entry of default judgment.

     Petitioners here assert that they have an enforceable arbitration award against

respondent.  To win an order confirming the award, and judgment thereon, petitioners must

present the arbitration agreement and the award.  9 U.S.C. 13.  They satisfied those

requirements.  They must also properly assert venue, show that they notified respondent of the

petition and prove that they are petitioning for confirmation of the award within one year of its

entry.  *See* 9 U.S.C. 9.  The proof submitted shows that the award was made in San Francisco,

1    thus satisfying the venue requirement.  Petitioners submitted proof that they notified respondent

2    of the petition and that the award was made June 13, 2005, within the past year (*see* Pet. to

3    Confirm Arbitration Award Exhs. 1–2 (Restated Trust Indenture § 7.13; Arbitrator's Decision

4    and Award)).  Given satisfaction of these prerequisites, the court must confirm the award and

5    enter judgment thereon.

6         **2.   THE REMAINING *EITEL* FACTORS.**

7         This order finds that the remaining *Eitel* factors likewise favor entry of default

8    judgment.  To deny petitioners' application would leave them without a remedy.  Moreover,

9    respondent has refused to litigate this action here after being properly served with the petition

10   and summons.  It is unlikely that the default was the result of excusable neglect.  There is no

11   evidence of any dispute as to liability or damages.  Although federal policy may favor a

12   decision on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this,

13   where respondents refuse to litigate.

14        **3.   THE DETERMINATION OF DAMAGES.**

15        Petitioner seeks $137,914.28 in damages, $561 for the arbitrator's fees and expenses;

16   $12.50 in collection costs; $4,545 in attorney's fees, $520 in costs and $8,749.39 in pre-

17   judgment interest (through May 25, 2006), plus post-judgment interest at the legal rate accruing

18   thereafter (Br. 5–6).

19        The requested amounts for damages and arbitrator's fees and expenses are supported by

20   the award and the arbitrator's bill.  The arbitrator also awarded daily interest at the IRS penalty

21   rate on the unpaid balance (Pet. to Confirm Arbitration Award, Exhs. 2–3).  The IRS penalty

22   rate from the date of the award through September 30, 2005, was six percent.  Since then, it has

23   been seven percent.  The IRS penalty rate is compounded daily.  IRS, Notice 746, *available at*

24   www.irs.gov.  Plaintiffs seek to have this rate applied to the total of the damages, plus the

25   arbitrator's fees and expenses, plus collection costs.  They do not, however, compound the

26   interest daily.  Instead, they calculate the rate simply against the original amount they claim is

27   due: $138,487.78.  The only problem is that the request for $12.50 in collection costs is not

28   fully supported.  The Restated Trust Indenture does require respondent to pay collections costs,

**United States District Court**
For the Northern District of California

3

in an unspecified amount (Pet. to Confirm Arbitration Award, Exh. 1,  Restated Trust Indenture § 8.8 ¶ 5).  There is no support in the record, however, for the particular amount requested by petitioners.

An employer who is liable under the Restated Trust Indenture for non-payment of benefits must pay attorney's fees and costs in any action to recover the unpaid balance (*ibid.*). Petitioners adequately supported their requests for $520 in costs and $4,545 in attorney's fees (Sidd-Champion Decl. ¶¶ 5–6).

After subtracting the $12.50 and associated interest from the amount requested, the total amount of the judgment is $147,223.88, $13.29 less than requested.

## CONCLUSION

For the reasons stated above, petitioners' motion for default judgment is **GRANTED**. Respondent must pay:

| | | |
|---|---|---|
| 1. | Damages | $137,914.28 |
| 2. | Arbitrator costs | 561.00 |
| 3. | Pre-judgment interest | 8,748.60 |
| 4. | Litigation costs | 520.00 |
| 5. | Attorney's fees | 4,545.00 |

Judgment shall be entered accordingly for a **TOTAL OF $152,288.88**.


**IT IS SO ORDERED.**


Dated: May 25, 2006

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

4